FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 OCT 3 PM 2: 55

N.O. DISTRICT COURT
OF ALABAMA

HARRY JAMES DAVIS,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )   CIVIL ACTION NO. 97-ETC-1046-S
                                      )
COOK PUBLICATIONS, INC.,              )
                                      )          **ENTERED**
        Defendant.                    )

MEMORANDUM OPINION                    OCT 6   1997

On March 12, 1997 plaintiff filed this complaint in the
Circuit Court of Jefferson County raising claims pursuant to Title
VII, the Americans with Disabilities Act of 1990 (herein "ADA"), 42
U.S.C. § 1981 and the Alabama's Worker's Compensation Act.

The action was removed to this court.  Defendant filed a
Motion to Dismiss or, in the Alternative, Motion for Summary
Judgment.  The parties have consented to the exercise of
jurisdiction by a magistrate judge.

I.    Title VII and ADA Claims

Defendant argues that "plaintiff failed to file his second
EEOC charge[1] within 180 days of the alleged unlawful act (the
termination of plaintiff's employment)."  Defendant argues that
plaintiff was terminated on December 15, 1994 and that the charge
was not filed until January 9, 1996, approximately three hundred
ninety days after the unlawful act.  As support for its position
that plaintiff was terminated on December 15, 1994, defendant
relies on the EEOC charge filed by plaintiff on January 9, 1996 in

---

[1]    Only the second EEOC charge is relevant to the claims in
       this action.  See Plaintiff's April 9, 1997 Memorandum, p.2.

which plaintiff clearly indicated that the date the discrimination took place was "12/15/94" and further stated "On or about December 15, 1994, I was terminated." Further, in the complaint plaintiff, by his own allegation, identifies December 15, 1994 as the date of termination and the date his manager advised him "not to return to work." (Complaint, paragraph 46). In his opposition to the motion for summary judgment, plaintiff submitted an affidavit in which he states "I did not consider that I was terminated until after January 27, 1995, when my employee benefits were severed." Plaintiff further stated that he did not consider himself terminated in December 1994 because on previous occasions other employees thought they had been terminated but were subsequently recalled. Further, on one occasion, plaintiff was terminated but Arthur Cook "dissolved" plaintiff's termination and told plaintiff "that I would have a job at Cook the rest of my life."

The court concludes that plaintiff, by his own statement in the EEO charge and by the allegations in the complaint, established the date of termination as December 15, 1994. Plaintiff states in his affidavit filed in opposition to the motion for summary judgment that he did not understand that to be his date of termination because his employee benefits continued until January 27, 1997. However, plaintiff has not provided any facts or case law to support the contention that his employment was not terminated until January 27, 1995 when his benefits were terminated. Further, plaintiff has not provided any authorities

2

for the proposition that a plaintiff's "understanding" of when he was terminated determines the date of the alleged unlawful act.

Because plaintiff has failed to offer facts to dispute the date of termination as established by the record, his July 25, 1995 EEOC charge was not timely filed.[2] Accordingly, based on the undisputed fact that plaintiff was terminated in December 1994, defendant's motion for summary judgment is due to be GRANTED.

## II.   Title 42 U.S.C. Section 1981 Claim

Defendant argues that plaintiff's § 1981 claim is barred by the two year statute of limitations. Plaintiff argues that the statute of limitations was tolled by his disability, i.e. his depression with psychotic features. In support of this position, plaintiff submitted a letter from his doctor to previous counsel in which his doctor stated "As part of the depressive symptoms, people often have memory and concentration problems, which was indeed the case with Mr. Davis."

---

[2]   Plaintiff argues that his initial intake questionnaire filed on July 25, 1995 was sufficient to comply with the 180 day filing requirement. Submission of an EEOC informal intake questionnaire can constitute the filing of a charge. Cf. Clark v. Coats and Clark, Inc., 865 F.2d 1237 (11th Cir. 1989) (Filing of informal intake questionnaire 152 days after termination satisfied the Age Discrimination Employment Act requirement that a charge alleging unlawful discrimination with the EEOC within 180 days after the alleged unlawful discrimination). If plaintiff had been terminated on January 27, 1995, the July 25, 1995 charge would have been within the 180 day statutory period and, thus, timely filed.

3

The Alabama tolling provision provides in pertinent part:

Section 6-2-8.   Disabilities.

(a) If anyone entitled to commence any of the actions enumerated in this chapter, to make an entry on land or enter a defense founded on the title to real property is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action, make entry, or defend.  No disability shall extend the period of limitations so as to allow an action to be commenced, entry made, or defense made after the lapse of 20 years from the time the claim or right accrued.  Nothing in this section shall be interpreted as denying any imprisoned person the right to commence an action enumerated in this chapter and to make any proper appearances on his behalf in such actions.

ALA. CODE, Section 6-2-8 (Cumm. Supp. 1996).

Plaintiff relies upon the above provision concerning disability based on insanity to support his claim that the statute of limitations was tolled.  In Travis v. Ziter, 681 So.2d 1348 (Ala. 1996), the Alabama Supreme Court recognized that Alabama law does not clearly define the term "insane."  The court therein held that the combination of post-traumatic stress disorder and repressed memory did not satisfy the "insanity" disability of Section 6-2-8.  In Travis the court reasoned:

The ultimate consideration in determining whether to allow the Travises' claims to survive through application of the insanity

4

disability tolling provision is
whether the policy goals furthered
and protected by the statute of
limitations would remain intact if
that were allowed.  At its core, the
statute of limitations advances the
truth-seeking function of our justice
system, promotes efficiency by giving
plaintiffs an incentive to timely
pursue claims, and promotes stability
by protecting defendants from stale
claims.  The essence of the Travises'
argument is that plaintiffs should be
able to use the tolling provision in
any situation where they can
demonstrate an inability to
comprehend a specific legal right, or
to recall events that happened many
years before, notwithstanding the
fact that they have been capable of
living an independent, normal, and
productive life as to all other
matters.  Such an expansive
interpretation would undermine the
purpose of the statutes of
limitations.  There is no established
acceptance of repressed memory as a
psychological phenomenon.  If this
Court accepted it as constituting
"insanity," then plaintiffs, such as
the Travises, would be in subjective
control of the limitations period and
would be able to assert stale claims
without sufficient justification or
sufficient guaranties of accurate
fact-finding.

We reject the Travises' argument that
Shaw, supra, supports an expansive
interpretation of the term "insanity."
In Shaw, the Court recognized the
following meaning of "insanity": "[I]t
signifies any derangement of the mind
that deprives it of the power to
reason or will intelligently."  215
Ala. at 440, 111 So. at 20.  Because
in Shaw the Court allowed a tolling
of the limitations period because of
temporary insanity, the Travises
argue for recognition of "claim-
specific" insanity.  We are not
persuaded by the Travises' repeated

5

> insinuation that the Shaw Court, by
> stating that insanity is not limited
> to a "chronic or fixed condition,"
> intended to bring within the
> protection of the insanity tolling
> provision those persons claiming to
> suffer from a mental illness that
> affects only an understanding of a
> particular legal right. This
> argument ignores both the context of
> the case and the obvious consequences
> flowing from such an interpretation.

681 So.2d at 1355.

Based on the holding and reasoning in Travis the court concludes that plaintiff's vague allegation of depression which included as symptoms "memory and concentration problems" is not "insanity" as envisioned by the tolling provision. This action is time barred as it was filed more than two years after plaintiff's termination. Defendant's motion to dismiss the Section 1981 claim is due to be GRANTED.

### III. Alabama Worker's Compensation Claim

Defendant requested that the court dismiss the ADA, Title VII and Section 1981 claims and remand the worker's compensation claim to state court. Because all claims over which the district court had original jurisdiction are due to be dismissed, the court declines to exercise supplemental jurisdiction over plaintiff's worker's compensation claim. See 28 U.S.C. § 1367(c)(3). Defendant's motion to remand the worker's compensation claim to state court is due to be GRANTED.

6

A Final Judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the ___ day of October, 1997.

ELIZABETH TODD CAMPBELL
UNITED STATES MAGISTRATE JUDGE

7